## STATE v. KILPATRICK et al.

No. 6935. Decided October 14, 1946. (173 P. 2d 284.)

See 12 C. J. S., Burglary, sec. 53; 20 Am. Jur. 740.

*Duncan & Duncan,* of Salt Lake City, for appellants.

*Grover A. Giles,* Atty. Gen., *A. John Brennan,* Asst. Atty. Gen., and *Brigham E. Roberts,* Dist. Atty., of Salt Lake City, for respondent.

PER CURIAM.

This matter comes before the Court on an appeal, by the defendant, James P. Kilpatrick, from a conviction of the crime of burglary in the second degree. The sole question presented by the appellant to this Court is whether or not there was sufficient evidence presented to the lower Court

to justify that Court's denial of defendant, Kilpatrick's motion for a new trial. There is some discussion of new evidence as shown by affidavits which were submitted to the Court below at the hearing on Kilpatrick's motion for a new trial, but it is not evidence of such significance as would show an abuse of discretion by the trial Court in his denial of said motion.

The following are the facts which are important to this Court's considerations: On the morning of November 20, 1945, James R. Grokett, the night watchman of a beer hall located at 363 West South Temple Street, Salt Lake City, was awakened by sounds in the rear of the building, he investigated and saw two men attempting to gain entrance into the beer hall through a hole they had made at the top of the main base wall. As Grokett observed one man in the hole he heard another man outside the wall say, "pull him up," and "push him up." Two heads were finally visible to Mr. Grokett in the hole. After the burglars discovered that they were being observed and as Mr. Grokett was on his way to telephone the police he heard the following from outside the wall, "pull him out," and "hurry up here comes the man." Mr. Grokett was unable to get the police on the telephone when he first tried to call so he called his employer, who testified that he received the call at 2:10 A. M. A cruising police car received the police call at 2:17 A. M. and proceeded toward the beer hall, on the way picking up the defendants, Taylor and Kilpatrick, approximately one and one-half blocks from the scene of the burglary. Upon arrival at 363 West South Temple Street, the defendants were taken out of the police car and into the beer hall where they were confronted by the night watchman, Grockett, he immediately identified Taylor as one of the men he had seen in the rear of the beer hall and after hearing Kilpatrick arguing with a policeman said, "That is the voice I heard giving orders." Later the defendant, Berbar, was identified by Mr. Grokett as the other man he saw attempting to enter the beer hall through the hole.

Mr. Grokett's testimony is the only direct evidence placing Kilpatrick at the scene of the burglary, however, defendant Taylor testified that Kilpatrick had been with both himself and Berbar up to the very time the burglary was being committed. There was testimony to the effect that Kilpatrick was the roommate of Berbar and that he had on his person when arrested Berbar's pocket book and draft card. One of the police officers testified that when Taylor and Kilpatrick were picked up the night of the burglary, Kilpatrick said that he and Taylor had been drinking beer at the DeLux Cafe immediately prior to their arrest.

We think that even though it may be held that, for identification by voice of a person to be sufficient, the identifier must either be familiar with the voice of the person identified or that person's voice possess some peculiar characteristic which could not be easily mistaken (State v. Karrs, 43 Utah 506, 136 P. 788), in the case at bar the other circumstances are such as to add whatever substance the identification by voice alone may lack. Those circumstances are: The spontaneous identification by Grokett at his first meeting with Kilpatrick which occurred so soon after the attempted entry that it is unlikely Grokett's memory of the voice he heard had faded; the arrest of the defendant, Kilpatrick, by the police within 15 minutes of the time of the burglary, one and one-half blocks from the scene of the crime in the company of one of the more positively identified burglars; his possession of the other positively identified burglar's pocket book and draft card and his close association with the defendant, Berbar; the evidence of the association of all three defendants immediately prior to the burglary; and the contradicting statements by the defendants, Kilpatrick and Taylor, to the police as to acquaintanceship and coming from the DeLux Cafe when they were arrested.

The judgment of the District Court should be affirmed. It is so ordered.